# Exhibit 13

Petra Legal Translation — البتراء للترجمة القانونية

Habib Al Mulla & Partners

## Before the Honorable Ras Al Khaimah Court of First Instance
## In the matter of Commercial Case No.  /2025
### Dated: 23/07/2025

**Filed by:**

**Claimant:** Energy Exploration and Development Company Limited

A company incorporated in the British Virgin Islands

Address: United Arab Emirates – Emirate of Dubai – Business Bay Area – Dubai – Al Abraj Street – Building 014, Tel: 044230000 – Fax: 044479777 – P.O. Box: 2268 – Makani: 0552008921 – Phone: 2563786091

Represented by the Attorneys: Dr. Habib Al Mulla, Eman Asad, Abdulrahman Al Qassim, and Abdullah Al Baloushi

### Against

**Defendants:** 1. **Nordic Energy FZC**

Address: Ras Al Khaimah – Al Hamra Industrial Area – Free Zone – Al Shohada Street – Compass Business Center – Shared Office **FDRK5599** – Phone: 0502207746 – Email:

1

Petra Legal Translation — البتراء للترجمة القانونية

info@nordicgulf.com

2. **Kjell Inge Sola, Norwegian national – holder of passport No. 28878496**

In his personal capacity and in his capacity as Director of the First Defendant Company

Address for service: At the First Defendant – Ras Al Khaimah – Al Hamra Industrial Area – Free Zone – Al Shohada Street – Compass Business Center – Shared Office **FDRK5599** – Phone: 0502207746 – Email: sonny.sola@nordicgulf.com – Mobile No.: +97148840604

3. **Hamad Ali Mohammed Yahya Al Qahtani, Kuwaiti national**

In his personal capacity and in his capacity as Chairman of the Board of Directors of the First Defendant Company

Address for service: At the First Defendant – Ras Al Khaimah – Al Hamra Industrial Area – Free Zone – Al Shohada Street – Compass Business Center – Shared Office **FDRK5599** – Email: h.qahtani@EnergyHouse.com.kw – Mobile No.: +96566433388

Office No. 916, 9th Floor, Block, B, Near Clock Tower, Deira, UAE, Mob: +971 55 4616709, E-mail: info@pltdxb.com, www.pltdxb.com

## Subject: Claim for Payment

### First: Facts

1. The Claimant, Energy Exploration and Development Company Limited, is a company incorporated in the British Virgin Islands, operating in the field of providing a comprehensive range of products and services covering engineering, procurement, drilling operations, and related services for onshore and offshore projects.

   **(A photocopy of the Claimant's commercial license is attached hereto as Exhibit No. 1)**

2. The First Defendant is a company engaged in the oil sector, including gas storage, transportation, and well drilling.

   **(A photocopy of the First Defendant's commercial license is attached hereto as Exhibit No. 2)**

3. On 19/12/2017, an agreement was concluded between the Claimant and the Defendants to enter into a joint venture for a project in the Kingdom of Saudi Arabia, whereby the Claimant was to supply the equipment, while the First Defendant would be responsible for management, follow-up, and securing the contract.

   **(A photocopy of the Profit Sharing Agreement is attached hereto as Exhibit No. 3)**

4. Whereas the Claimant delivered the necessary equipment to the Defendants for the work, it endured two years of hardship caused by delays and circumvention of the agreements. Throughout these two

years, the Claimant did not receive its contractually obligated financial entitlements. Instead, it was faced with one unfulfilled promise after another and a series of baseless excuses.

5. This compelled the Claimant to resort to arbitration before the London Court of International Arbitration (LCIA), in accordance with the contractually agreed clause, whereby Article 15 of the Profit Sharing Agreement explicitly provides as follows:

*"This Agreement and any dispute or claim arising out of or in connection with it or its subject matter or formation (including non-contractual disputes or claims) shall be governed by and construed in accordance with the law of England and Wales.*

*The Agreement and any dispute or claim arising out of or in connection with it or its subject matter or formation (including non-contractual disputes or claims) shall be referred to and finally resolved by arbitration under the LCIA Rules, which are deemed to be incorporated by reference into this Clause. The number of arbitrators shall be one, the seat, or legal place, of arbitration shall be LCIA, in London, United Kingdom. The language to be used in the arbitral proceedings shall be in English.*

6. Based on the foregoing, the arbitral proceedings were conducted through multiple hearings, during which the parties exchanged memoranda, arguments, and defenses, until a final award was rendered on 01/09/2021, the operative part of which reads as follows:

4

Accordingly, and for the reasons set forth above, the Honorable Arbitral Tribunal rules as follows:

a. Declares that the Respondent breached Clauses 3, 4.1, 7.1, 7.4, 7.16, 9.1 and 9.5 of the PSA;

b. Declares that the Claimant's termination of the PSA on 29 August 2019 was valid and effective;

c. **Declares that the Claimant has sole and unencumbered ownership of the ENEXD Equipment (as defined at paragraph 509 above) and that the Respondent has no equitable or legal claim to it;**

d. **Declares that the Respondent must deal with the ENEXD Equipment as directed by the Claimant, including any possible return of the ENEXD Equipment;**

e. Orders the Respondent to pay 188,336 USD to the Claimant;

f. Orders the Respondent to pay interest on the amount at the previous paragraph at the rate of 2.24% per annum, calculated on a simple basis (i.e. non-compound) as from the date of this award;

g. Orders the Claimant to pay USD 1,004,488.18 to the Respondent;

h. Orders the Claimant to pay interest on the amount at the previous paragraph at the rate of 2.24% per annum, calculated on a simple basis (i.e. non-compound) as rom the date of this award;

5

    i.    Decides that each Party bears half of Arbitration Costs pursuant to Article 28.2 of the LCIA Rules and thus orders the Claimant to pay GBP 6.37 to the Respondent.

    j.    Decides that each Party bears its own Legal Costs pursuant to Article 28.3 of the LCIA Rules; and

    k.    Denies all other and further prayers for relief, claims and motions that the Parties have put forward in this arbitration.

7. On 18/06/2025, a decision was issued by His Excellency the Execution Judge in Execution File No. 425/2025, stating as follows: **"The Respondent Company, Nordic Energy, is hereby notified to execute the judgment constituting the execution instrument concerning the return of the equipment subject of the judgment to the prevailing company within no later than one week from the date hereof, to avoid the initiation of execution proceedings against it."**

   **(A photocopy of the arbitral award is attached hereto as Exhibit No. 4)**

8. On 16/05/2025, a decision was issued by His Excellency the Execution Judge in Execution File No. 425/2025, stating as follows: *"Whereas it has been established that the Respondent Company, Nordic Energy, failed to comply with our decision issued on 06/05/2025 regarding the submission of documents proving its non-possession of the equipment subject of execution, and that said equipment is in the possession of another company, and given the*

6

existence of a criminal complaint in this regard, the Respondent Company, Nordic Energy, is hereby notified to deliver the equipment subject of execution in accordance with the dispositive section of the judgment constituting the execution instrument within no later than one week from the date hereof, to avoid the initiation of execution proceedings against it."

9. Since the First Defendant argued the impossibility of executing the judgment with respect to the return of the equipment under the pretext that it no longer possessed them, the Claimant submitted a request for substitute execution, claiming the value of the equipment subject of the judgment. However, His Excellency the Execution Judge in Execution File No. 425/2025 – Commercial Execution – rendered a decision rejecting the request and stated: *"The Applicant may pursue any appropriate legal action concerning the return and receipt of the equipment subject of the judgment constituting the execution instrument or to obtain appropriate compensation."*

10. Accordingly, the Claimant was compelled to file the present claim seeking compensation for the value of the equipment subject of the judgment, estimated at ten million US dollars, in addition to equivalent compensation for the damages resulting from the Defendants' failure to execute the judgment, which the Claimant estimates at an additional ten million US dollars.

11. As to the reason for impleading the Second Defendant, his personal liability arises from the fact that he is the registered manager named in

7

the commercial license, and from the fraudulent acts he committed by misleading the Claimant into believing that he would lease the equipment, only for it to become evident that he had completely dissipated it.

12. The Third Defendant, on the other hand, is the Chief Executive Officer of the First Defendant Company, as evidenced by the attached correspondence previously sent by him to another company with which the Second Defendant had contracted. In that letter, he identified himself as the Chairman of the Board of the Second Defendant Company, thereby confirming that he is the ultimate decision-maker in the company. This renders him personally liable pursuant to the rules of director liability as set forth in the Federal Commercial Companies Law, in addition to being the current manager of the First Defendant Company.

**Second: Legal Grounds**

1. It is established under Article (282) of Federal Decree-Law No. 5 of 1985 that: "Any harm caused to another shall oblige the perpetrator, even if not legally competent, to provide compensation for the damage."

   And Article 283 of the same Decree-Law provides:

   1. The harm may be direct or consequential.
   2. If the harm is direct, compensation is obligatory without the need for a condition; however, if it is consequential, then it

requires that the act be wrongful or intentional, or that the act leads to harm.

Whereas it is established in the rulings of Your Honorable Court *that liability for a wrongful act requires the presence of three elements: proof that the person committed the act, whether by action or omission; proof of damage suffered by the injured party; and the existence of a causal link between them. The wrongful act for which the perpetrator is obligated to compensate the damage—according to the explanatory memorandum to Article 282 of the Civil Transactions Law—is defined as: "exceeding the limit one must not transgress or failing to reach the required standard in an act or omission that results in harm. It includes both positive and negative acts, and refers equally to intentional acts and mere negligence." It is incumbent upon the injured party to prove the elements of tortious liability on the part of the person alleged to have committed the wrongful act. If negligence or fault is not proven against such person, liability is excluded—even if the injured party proves that damage has occurred.*

(Established Principle of 2020 – Civil Cassation Judgment No. 385/2020 issued by the Dubai Court of Cassation on 31/12/2020)

Therefore,

The Claimant respectfully requests the following from Your Honorable Court:

**First:** To admit and allow the claim as to procedural formalities.

**Second:** On the merits, to order the Defendants jointly and severally to:



1. Return the equipment as specified in the dispositive section of the arbitral award rendered in the relevant arbitration case, in its original condition, free from any defects or damage.

2. In the alternative, and in the event that specific performance is not possible, to order the Defendants to perform substitute execution by paying the fair market value of the equipment, estimated at ten million US dollars (USD 10,000,000), or its equivalent in UAE Dirhams: Thirty-Six Million Seven Hundred Twenty-Nine Thousand Seven Hundred Forty-Five Dirhams (AED 36,729,745), along with statutory interest due in accordance with applicable legal provisions.

3. Order the Defendants collectively to pay compensation for the damages suffered by the Claimant due to the failure to return the equipment, or the delay in doing so, estimated at ten million US dollars (USD 10,000,000), along with statutory interest from the date of entitlement until full settlement.

**Third:** To order the Defendants to bear all court fees, legal expenses, and attorney's fees.

**On behalf of the Claimant**

Attorneys: Dr. Habib Al Mulla, Eman Asad,

Alya Al Mulla, Amir Al Khaja, Ahmad Hassan Al Zaabi,

Abdulrahman Al Qassim, Abdullah Al Baloushi, and Al Anood Al Riyami.

Petra Legal Translation | البتراء للترجمة القانونية

## Bundle of Exhibits

| | | | |
|---|---|---|---|
| **Submitted by:** | Energy Exploration and Development Company Limited (Energy Exploration and Development Company Ltd.) | **Capacity:** | Claimant |
| **Against:** | Nordic Energy FZC and Others | **Capacity:** | Defendants |
| **Case No.:** | /2025 Civil | **Date:** | --/07/2025 |

| Serial | Exhibit Description |
|---|---|
| 1 | Photocopy of the Claimant's commercial license. |
| 2 | Photocopy of the First Defendant's commercial license. |
| 3 | Photocopy of the Arbitral Award. |
| 4 | Copy of the decision issued by the Execution Judge in Execution File No. 425/2021 – Commercial Execution – rejecting the request, stating: "The Applicant may pursue any appropriate legal action concerning the return and receipt of the equipment subject of the judgment constituting the execution instrument or to obtain appropriate compensation." |
| | A bundle consisting of only four documents. |

**On behalf of the Claimant**

Attorneys: Dr. Habib Al Mulla, Eman Asad, Alya Al Mulla, Amir Al Khaja, Ahmad Hassan Al Zaabi, Abdulrahman Al Qassim, Abdullah Al Baloushi, and Al Anood Al Riyami.

11

Office No. 916, 9th Floor, Block, B, Near Clock Tower, Deira, UAE, Mob: +971 55 4616709, E-mail: info@pltdxb.com, www.pltdxb.com

حبيب الملا ومشاركوه
الطابق ١٤، برج 014
شارع الابراج، الخليج التجاري
دبي، الامارات العربية المتحدة
صندوق بريد ٢٢٦٨
هاتف رقم: ٠٠٠٠ ٤٢٣ ٤ ٩٧١+

حَبيب المُلا ومُشارِكوه

## لدى محكمة رأس الخيمة الابتدائية الموقرة

القضية رقم        /2025 تجاري

بتاريخ 23-7-2025

مقدمة من :

**المــــــدعية** : **شركة استكشاف وتطوير الطاقة المحدودة انرجي اكسبلوريشن اند ديفيلوبمنت كومباني ليمتد**

شركة مؤسسة في جزر العذراء البريطانية

عنوانها : الإمارات-إمارة دبي-منطقة الخليج التجاري - دبي-شارع الأبراج- مبنى O14 ، تليفون رقم 044230000- فاكس / 044479777 - ص.ب / 2268 – هاتف 0552008921 - مكاني / 2563786091.

بوكالة المحامين/د. حبيب الملا وايمان اسد وعبدالرحمن القاسم وعبدالله البلوشي

**ضـــد**

**المدعى عليهم  1- نورديك انيرجي ش.م.ح.**

**عنوانها** : راس الخيمة -منطقة الحمرا الصناعية- منطقة حرة-شارع الشهداء-مركز كومباس للاعمال- -مكتب مشتركFDRK5599-هاتف0502207746-

بريد إلكتروني: **info@nordicgulf.com**

**2- كجيل انج سولا (نرويجي الجنسية – حامل جواز سفر رقم 28878496)**

بصفته الشخصية وبصفته مدير بالشركة المدعى عليها الأولى

عنوانه : يعلن على المدعي عليها الاولي -راس الخيمة -منطقة الحمرا الصناعية- منطقة حرة-شارع الشهداء-مركز كومباس للاعمال- -مكتب مشترك FDRK5599-هاتف0502207746-    بريد إلكتروني **sonny.sola@nordicgulf.com**

رقم الجوال: +97148840604

**3- حمد علي محمد يحيى القحطاني (كويتي الجنسية)**

بصفته الشخصية وبصفته رئيس مجلس إدارة المدعى عليها الأولى

يعلن على المُدعي عليها الاولي -راس الخيمة -منطقة الحمرا الصناعية- منطقة حرة- شارع الشهداء-مركز كومباس للاعمال- -مكتب مشتركFDRK5599-

حبيب الملا ومشاركوه
الطابق ١٤، برج 014
شارع الأبراج، الخليج التجاري
دبي، الإمارات العربية المتحدة
صندوق بريد ٢٢٦٨
هاتف رقم: ٠٠٠٠ ٤٢٣ ٤ ٩٧١+

# حَبِيب الـمُـلا ومُشـارِكـوه

بريد إلكتروني: h.qahtani@EnergyHouse.com.kw

رقم الجوال: 3388 6643 965+

**الموضوع: دعوى مطالبة**

**أولاً: الوقائع:**

1- المدعية (شركة/ استكشاف وتطوير الطاقة المحدودة) هي شركة مؤسسة في جزر العذراء البريطانية و التي تعمل في مجال توفير مجموعة شاملة من المنتجات والخدمات التي تمتد عبر الهندسة والمشتريات وعمليات الحفر والخدمات المرتبطة بها للمشاريع البرية والبحرية.
**(نبرز ربطاً صورة ضوئية عن الرخصة التجارية المدعية، مستند -1)**

2- المدعى عليه الأولى شركة تعمل في قطاع النفط وتخزين الغاز والنقل وحفر الآبار.
**(نبرز ربطاً صورة ضوئية عن الرخصة التجارية للمدعى عليها الأولى، مستند -2)**

3- في 2017-12-19 جرى اتفاق بين المدعية والمدعى عليهم للدخول بالمشاركة في مشروع في المملكة العربية السعودية. بحيث تقوم المدعية بتأمين المعدات على أن تقوم المدعى عليها الأولى بالإدارة والمتابعة وتأمين العقد.
**(نبرز ربطاً صورة ضوئية عن اتفاقية تقاسم الأرباح ، مستند -3)**

4- ولما كانت المدعية قد قامت بتسليم المدعى عليهم المعدات اللازمة للعمل، وخلال عامين من الزمن ضاقت الأمرين من المماطلة والإلتفاف على الإتفاقات. فخلال عامين لم تحصل المدعية على حقوقها المالية الملزمة المذكورة بالعقد. فكان الوعد تلو الآخر والحجج الواهية تلو الأخرى.

5- الأمر الذي حدا بالمدعية إلى اللجوء إلى التحكيم أمام محكمة لندن للتحكيم الدولي وفقاً لما هو متفق عليه بالعقد والذي نص صراحة في المادة 15 من اتفاقية مشاركة الأرباح على ما يلي:
"*هذه الاتفاقية وأي نزاع أو مطالبة تنشأ عنها أو فيما يتعلق بها أو بموضوعها أو تحريرها (بما في ذلك النزاعات أو المطالبات غير التعاقدية) تخضع وتُفسر وفقًا لقانون إنجلترا وويلز.*
*تتم إحالة الاتفاقية وأي نزاع أو مطالبة تنشأ عنها أو فيما يتعلق بها أو بموضوعها أو تحريرها (بما في ذلك النزاعات أو المطالبات غير التعاقدية) إلى التحكيم ويتم حلها نهائيًا عن طريق التحكيم بموجب*

حبيب الملا ومشاركوه
الطابق ١٤، برج 014
شارع الابراج، الخليج التجاري
دبي، الإمارات العربية المتحدة
صندوق بريد ٣٢٦٨
هاتف رقم: ٠٠٠٠ ٤٣٣ ٤ ٩٧١+

حَبيب الـمُــلا
ومُشــاركــوه

قواعد محكمة لندن للتحكيم الدولي، والتي تُعد منصوص عليها بالإحالة في هذا البند. يكون عدد المحكمين محكماً واحداً، ويكون المقر أو المكان القانوني للتحكيم هو محكمة لندن للتحكيم الدولي، في لندن، المملكة المتحدة. تكون اللغة المستخدمة في إجراءات التحكيم هي اللغة الإنجليزية."

6- وبناءً على ما تقدم فقد تداولت الدعوى التحكيمية بالجلسات و التي تبادل خلالها الأطراف المذكرات و الدفاع و الدفوع ، الى أن قضى فيها بتاريخ 2021/09/01 بالحكم الآتي نصه : وعليه ولما ورد أعلاه من أسباب، تقضي هيئة التحكيم الموقرة بما يلي:

أ. إقرار وإثبات إخلال المحتكم ضدها بالمواد 3 و 4.1 و 7.1 و 7.4 و 7.16 و 9.1 و 9.5 من عقد مشاركة الأرباح؛ و

ب. إقرار وإثبات صحة وسريان إنهاء المحتكمة لعقد مشاركة الأرباح المؤرخ 29 أغسطس 2019؛ و

ج. **إقرار وإثبات ملكية المحتكمة، بشكل مطلق غير محمل بأي أعباء أو رهون، لمعدات شركة استكشاف وتطوير الطاقة المحدودة (بحسب المبين والمحدد في الفقرة 509) وانتفاء أي سند قانوني أو خلافه لدى المحتكم ضدها للمطالبة باسترداد الملكية؛ و**

د. **إقرار وإثبات ضرورة تعامل المحتكم ضدها مع معدات شركة استكشاف وتطوير الطاقة المحدودة وفقًا لتوجيهات المحتكمة، بما في ذلك مسألة أي إرجاع محتمل لهذه المعدات.**

ه. إلزام المحتكم ضدها بدفع مبلغ وقدره 188,336 دولار أمريكي للمحتكمة؛ و

و. إلزام المحتكم ضدها بدفع الفائدة على المبلغ الموضح في الفقرة السابقة بمعدل 2.24% سنويًا، محسوباً على أساس فائدة بسيطة (غير مركبة) من تاريخ صدور حكم التحكيم الماثل؛ و

ز. إلزام المحتكمة بدفع مبلغ وقدره 1,004,488.18 دولار أمريكي للمحتكم ضدها؛ و

ح. إلزام المحتكمة بدفع الفائدة على المبلغ الموضح في الفقرة السابقة بمعدل 2.24% سنويًا، محسوباً على أساس فائدة بسيطة (غير مركبة) من تاريخ صدور حكم التحكيم الماثل؛ و

ط. القضاء بتحمل كل طرف لنصف نفقات التحكيم وفقًا للمادة 28.2 من قواعد محكمة لندن للتحكيم الدولي، وإلزام المحتكمة بدفع مبلغ وقدره 6.37 جنية استرليني للمحتكم ضدها؛ و

ي. القضاء بتحمل كل طرف للنفقات القانونية الخاصة به وفقًا للمادة 28.3 من قواعد محكمة لندن للتحكيم الدولي؛و

ك. رفض ما عدا ذلك من طلبات ومطالبات والتماسات أخرى قدمها الأطراف في هذا التحكيم.



حبيب الملا ومشاركوه
الطابق ١٤، برج 014
شارع الابراج، الخليج التجاري
دبي، الامارات العربية المتحدة
صندوق بريد ٢٢٦٨
هاتف رقم: ٠٠٠٠ ٤٢٣ ٤ ٩٧١+

حَبيـب الـمُــلا
ومُشـاركــوه

7- وبتاريخ 18-06-2025 صدر قرار عن سعادة قاضي التنفيذ في الملف التنفيذي رقم 425/2025 جاء فيه: " *تخطر الشركه المنفذ ضدها نورديك انرجى بتنفيذ الحكم سند التنفيذ بشأن رد المعدات موضوع الحكم للشركه المحكوم لها فى موعد غايته اسبوع من تاريخه تجنبا لاتخاذ الاجراءات التنفيذيه ضدها*"
(نبرز ربطاً صورة ضوئية عن حكم التحكيم، مستند -4)

8- " وبتاريخ 16-5-2025 صدر قرار عن سعادة قاضي التنفيذ في الملف التنفيذي رقم 425/2025 جاء فيه: " *حيث تبين عدم تنفيذ شركة نورديك المنفذ ضدها لقرارنا الصادر بتاريخ 6/5/2025 بتقديم المستندات الدالة عدم حيازتها للمعدات محل التنفيذ وانها بحوزة شركة اخرى ووجود دعوى جزائية بهذا الشأن لذلك تخطر الشركه المنفذ ضدها نورديك انرجى بتسليم المعدات محل التنفيذ وفقا لمنطوق الحكم سند التنفيذ فى موعد غايته اسبوع من تاريخه تجنبا لاتخاذ الاجراءات التنفيذية ضدها*"

9- وحيث دفعت المدعى عليها الأولى باستحالة تنفيذ الحكم فيما يخص إعادة المعدات بزعم خروجها من حيازتها، فقد تقدمت المدعية بطلب تنفيذ بدلي للمطالبة بقيمة المعدات محل الحكم. إلا أن سعادة قاضي التنفيذ في الملف رقم 425/2025 تنفيذ تجاري أصدر قراره برفض الطلب، وقرر بأن " *مقدم الطلب وشأنه في اتخاذ الإجراء القانوني المناسب بشأن رد واستلام المعدات موضوع الحكم سند التنفيذ أو للحصول على تعويض مناسب*".

10- وبناءً عليه، اضطرت المدعية إلى رفع الدعوى الراهنة بطلب التعويض عن قيمة المعدات محل الحكم، والمقدرة بعشرة ملايين دولار أميركي، بالإضافة إلى تعويض مماثل عن الأضرار الناجمة عن امتناع المدعى عليهم عن تنفيذ الحكم، والذي تُقدره المدعية بمبلغ عشرة ملايين دولار أميركي أيضاً.

11- فيما يخص سبب اختصام المدعى عليه الثاني، فإنّ مسؤوليته الشخصية تنشأ عن كونه المدير الثابت اسمه على الرخصة التجارية نتيجة أفعال الغش التي اقترفها حيث أوهم المدعية بأنه سيقوم باستئجار الآلة قبل ما تبين أنه قام بتبديدها بالكامل.

حبيب الملا ومشاركوه
الطابق ١٤، برج 014
شارع الابراج، الخليج التجاري
دبي، الامارات العربية المتحدة
صندوق بريد ٢٢٦٨
هاتف رقم: ٠٠٠٠ ٤٢٣ ٤ ٩٧١+

حَـبيــب الـمُــلا
ومُشـاركــوه

12- في حين ان المدعى عليه الثالث هو الرئيس التنفيذي للشركة المدعى عليها الأولى كما هو ثابت في الرسالة المرفقة التي سبق وأرسلها لشركة أخرى كان سبق وتعاقدت معها المدعى عليها الثانية حيث عرّف عن نفسه بموجبها بأنه رئيس مجلس إدارة الشركة المدعى عليها الثانية مما يؤكد بأنه صاحب القرار النهائي في الشركة، بما يجعله أيضاً مسؤولا بصفته الشخصية بموجب قواعد مسؤولية المدراء المنصوص عنها في قانون الشركات التجارية الاتحادي. بالإضافة إلى كونه المدير الحالي للشركة المدعى عليها الأولى.

### ثانياً:   الأسانيد القانونية :

1- لما كان من المقرر بنص المادة (282) من مرسوم بقانون اتحادي رقم 5 لسنة 1985 ، قد نصت على أنه: " كل إضرار بالغير يلزم فاعله ولو غير مميز بضمان الضرر."

ولما كانت المادة 283 من ذات المرسوم بقانون قد نصت على :
" 1- يكون الإضرار بالمباشرة أو التسبب.
2- فإن كان بالمباشرة لزم الضمان ولا شرط له وإذا وقع بالتسبب فيشترط التعدي أو التعمد أو أن يكون الفعل مفضياً إلى الضرر."

وحيث أن المقرر في قضاء محكمتكم الموقرة *أن المسئولية عن الفعل الضار تستلزم توافر عناصر ثلاثة وهي ثبوت ارتكاب الشخص للفعل إيجاباً أو سلباً ، وثبوت الضرر في جانب المضرور وعلاقة السببية بينهما، والمقصود بالفعل الضار الذي يلتزم مرتكبه بضمان الضرر على نحو ما ورد بالمذكرة الإيضاحية للمادة 282 من قانون المعاملات المدنية ((هو مجاوزة الحد الواجب الوقوف عنده أو التقصير عن الحد الواجب الوصول إليه في الفعل أو الامتناع عنه مما يترتب عليه الضرر فهو يتناول الفعل السلبي والفعل الإيجابي وتنصرف دلالته إلى الفعل العمد وإلى مجرد الإهمال على حد سواء))، ويقع على عاتق المضرور عبء إثبات توافر عناصر المسئولية التقصيرية في جانب من نسب إليه ارتكاب الفعل الضار بحيث إذا لم يثبت الإهمال أو التقصير في جانبه فقد انتفت المسئولية عنه ، ولو أثبت المضرور توافر الضرر في جانبه هو .*
(القاعدة الصادرة سنة 2020 حقوق التي تضمنها حكم محكمة التمييز - دبي بتاريخ 31-12-2020 في الطعن رقم 2020 / 385 طعن مدني)



حبيب الملا ومشاركوه
الطابق ١٤، برج 014
شارع الابراج، الخليج التجاري
دبي، الامارات العربية المتحدة
صندوق بريد ٢٢٦٨
هاتف رقم: ٠٠٠٠ ٤٢٣ ٤ ٩٧١+

**لـذلك**

**فإن المدعية تلتمس من عدالتكم الآتي:**

**أولاً:** قبول الدعوى شكلاً.

**ثانياً:** في الموضوع، الزام المدعى عليهم بالتكافل والتضامن بما يلي:

1- إلزام المدعى عليهم بإعادة المعدات الواردة في منطوق حكم التحكيم الصادر في القضية التحكيمية ذات الصلة، وذلك بحالتها الأصلية وخالية من أي عيوب أو أضرار.

2- احتياطياً، وفي حال تعذر التنفيذ العيني، إلزام المدعى ضدهم بالتنفيذ البدلي عن طريق سداد القيمة السوقية العادلة للمعدات، والمحددة بمبلغ عشرة ملايين دولار أمريكي(USD 10,000,000) ، أو ما يعادله بالدرهم الاماراتي  مبلغ وقدره ستة وثلاثون مليونًا وسبعمائة وتسعة وعشرون ألفًا وسبعمائة وخمسة وأربعون درهمًا مع الفائدة القانونية المستحقة وفقاً لنصوص القانون المعمول به.

3- إلزام المدعى عليهم مجتمعين بدفع تعويضات عن الأضرار التي لحقت بالمدعية نتيجة عدم إعادة المعدات أو التأخر في ذلك، والمقدرة بمبلغ عشرة ملايين دولار أمريكي(USD 10,000,000) ، مع الفائدة القانونية من تاريخ الاستحقاق وحتى السداد التام.

**ثالثاً:** إلزام المدعى عليهم بكافة الرسوم والمصاريف القضائية وأتعاب المحاماة

بالوكالة عن المدعية

المحامون / د. حبيب الملا وإيمان أسد
وعلياء الملا وأمير الخاجة وأحمد حسن الزعابي
وعبدالرحمن القاسم وعبدالله البلوشي والعنود الريامي



حبيب الملا ومشاركوه
الطابق ١٤، برج 014
شارع الابراج، الخليج التجاري
دبي، الامارات العربية المتحدة
صندوق بريد ٢٢٦٨
هاتف رقم: ٠٠٠٠ ٤٢٣ ٤ ٩٧١+

## حافظة مستندات

| | | | | | |
|---|---|---|---|---|---|
| مقدمة من | : | شركة استكشاف وتطوير الطاقة المحدودة انرجي اكسبلوريشن اند ديفيلوبمنت كومباني ليمتد | الصفة | : | مدعــــية |
| ضــــد | : | نورديك انيرجي ش.م.ح وآخرين | الصفة | : | مدعى عليهم |
| الدعوى رقم | : | /2025 مدني | التاريخ | : | --/7/2025 |

| مسلسل | بيان المستند |
|---|---|
| 1 | صورة ضوئية عن الرخصة التجارية المدعية . |
| 2 | صورة ضوئية عن الرخصة التجارية للمدعى عليها الأولى . |
| 3 | صورة ضوئية عن حكم التحكيم |
| 4 | صورة عن قرار قاضي التنفيذ في الملف رقم 2025/425 تنفيذ تجاري القاضي برفض الطلب، وقرر بأن " مقدم الطلب وشأنه في اتخاذ الإجراء القانوني المناسب بشأن رد واستلام المعدات موضوع الحكم سند التنفيذ أو للحصول على تعويض مناسب |
| | حافظة مؤلفة من أربعة مستندات فقط لا غير |

بالوكالة عن المدعية

المحامون / د. حبيب الملا وإيمان أسد
وعلياء الملا وأمير الخاجة وأحمد حسن الزعابي
وعبدالرحمن القاسم وعبدالله البلوشي والعنود الريامي



7 من 7 الصفحة                                                     HABIBALMULLA.COM