**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: Application to Obtain Discovery from Five Banks for Use in International Proceedings Pursuant to 28 U.S.C.§ 1782 | ) ) ) ) ) | Case No. 25-mc-414-AS |

**APPLICANT'S OPPOSITION TO KUVEYT TURK KATILIM BANKASI A.S.'S
MOTION TO INTERVENE**

**MILLER & CHEVALIER CHARTERED**

Sandeep A. Prasanna (No. 5463799)
Kirby D. Behre (*pro hac vice* pending)
Ian A. Herbert (*pro hac vice* pending)
Miller & Chevalier Chartered
900 16th Street, N.W.
Washington, DC 20006
Tel: (202) 626-5856
Email: sprasanna@milchev.com
Email: kbehre@milchev.com
Email: iherbert@milchev.com

*Attorneys for Applicant Energy Exploration and
Development Limited*

**TABLE OF CONTENTS**

I.      INTRODUCTION  ........................................................................................................ 1

II.     FACTUAL BACKGROUND ...................................................................................... 2

III.    ARGUMENT .............................................................................................................. 3

        A.      Kuveyt Turk Does Not Have a Right to Intervene Under Rule 24(a) ...................... 3

                i.      Timeliness of the Motion to Intervene ........................................................... 3

                ii.     Kuveyt Turk's Purported Interest in the Outcome of This Action Is
                        Not Impaired by the Disposition of the Action and Is Adequately
                        Protected  ....................................................................................................... 4

                iii.    Pending Cases Against KFH and Kuveyt Turk May Influence
                        Kuveyt Turk's Conduct in this Case ............................................................ 5

        B.      The Court should not permit Kuveyt Turk to intervene under Rule 24(b) ............... 6

IV.     CONCLUSION .......................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**                                                   **Page(s)**

*D'Amato v. Deutsche Bank*,
    236 F.3d 78 (2d Cir. 2001)..................................................................................................4

*Frost v. Islamic Republic of Iran*,
    383 F.Supp.3d 33 (D.D.C. 2019) ........................................................................................5

*Frost v. Kuwait Finance House, et al.*,
    No. 1:23-cv-09453 (S.D.N.Y. Oct. 27, 2023)......................................................................5

*Henkin et al. v. Kuveyt Turk Katilim Bankasi A.S.*,
    No. 1:19-cv-05394 (E.D.N.Y. Sept. 23, 2019) ....................................................................6

*Levinson et al. v. Citibank N.A.*,
    No. 1:21-cv-04795 (S.D.N.Y. May 28, 2021) ......................................................................6

*Levinson v. Kuwait Finance House (Malaysia) Berhad*,
    44 F.4th 91 (2d Cir. 2022) ...............................................................................................5, 6

*R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*,
    467 F.3d 238 (2d Cir. 2006)................................................................................................3

*St. Francis Assisi v. Kuwait Finance House et al.*,
    No. 4:16-cv-03240 (N.D. Cal. June 13, 2016)....................................................................5

**Statutes**

28 U.S.C. § 1610..........................................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 24(a) ....................................................................................................................3

Fed. R. Civ. P. 24(b) ....................................................................................................................6

## I.    INTRODUCTION

Applicant Energy Exploration and Development Company Ltd. ("ENEXD" or "Applicant") respectfully opposes Kuveyt Turk Katilim Bankasi's ("Kuveyt Turk") Motion to Intervene ("Motion").  While interventions by bank account holders are often granted where their banking records are subpoenaed, the unique and troubling circumstances surrounding Kuveyt Turk and its Motion warrant a second look.[1]

Kuwait Finance House ("KFH") is an anticipated defendant in the UK action (together with the UAE proceedings, the "Foreign Proceedings").  KFH owns approximately 58 percent of Kuveyt Turk.  ECF No. 24 at 1.  It appears that the major thrust of the Motion is to seek an opportunity to intervene to advance the concerns and objectives of KFH, rather than those typically sought by an account holder like Kuveyt Turk.

Both KFH and Kuveyt Turk are embroiled in U.S. cases alleging terrorist financing and/or money laundering, including for Iran.  In those proceedings, KFH and Kuveyt Turk are closely aligned, and are represented by the same lawyers.  Here, Kuveyt Turk seeks to intervene in order to unmask the whistleblower referenced in the declaration submitted with the 1782 application. Whistleblowers who cooperate against Iran face extreme personal risk if exposed, and as is alleged here and in the other U.S. cases discussed below, KFH serves as a co-conspirator with and agent for Iran.  Unmasking whistleblowers is not a legitimate basis for a bank to intervene in a matter seeking its correspondent bank records.  Viewed in this context, Kuveyt Turk does not satisfy the factors to intervene, and the Court should deny the Motion.[2]

---

[1] Applicant will file an opposition to Kuveyt Turk's motion for reconsideration on or before November 21, or as otherwise agreed with Kuveyt Turk, as ordered by the Court.

[2] On November 7, 2025, the Court granted the Motion without the benefit of the Applicant's opposition.

## II.    FACTUAL BACKGROUND

ENEXD alleges that certain Kuwaiti government entities, including KFH, conspired with Iran to steal millions of dollars of oil exploration equipment owned by ENEXD. Iran made significant payments, and extended opportunities, to parties related to KFH as part of the conspiracy to harm ENEXD. Some of those payments were in U.S. dollars. A whistleblower with intimate knowledge of the Iranian oil and gas industry provided evidence that is included in the application demonstrating that at least some of those payments went through U.S. banks. ECF No. 3, ¶ 22. ENEXD seeks banking records to follow the flow of illegal funds.

ENEXD filed this application for discovery under 28 U.S.C. § 1782. The application was granted by the Court on October 1. On October 9, ENEXD provided notice of the order and the subpoenas to each of the prospective defendants in the UK case, including KFH. On October 15, nearly a week after providing notice to KFH, ENEXD served the subpoenas and the court's order on the five U.S. banks authorized by the order.

KFH then contacted the U.S. banks claiming that it intended to intervene in this case. As a direct result of KFH's assurances that it would intervene (and at least implicitly that such intervention would stay subpoena compliance), on October 30 Citibank stated that it would not produce any documents because it "learned that Kuwait Finance House (and perhaps others) intends to file a motion to quash the Subpoena and/or for a protective order." Exhibit A. HSBC similarly wrote on October 31: "We have received word that counsel for Kuwait Finance House and Kuveyt Turk plan to move to quash." Exhibit B.

Contrary to KFH's representations, it has not sought to intervene. However, Kuveyt Turk sought to intervene, asking the Court to reconsider the entire subpoena (even portions of the subpoena with no relation to Kuveyt Turk) and unmask the whistleblower.

2

III.    ARGUMENT

A.    **Kuveyt Turk Does Not Have a Right to Intervene Under Rule 24(a)**

In determining whether to grant a motion to intervene, courts consider (1) whether the motion is timely, (2) whether the movant has an interest in the action, (3) whether that interest is impaired by the disposition of the action, and (4) whether that interest is adequately protected by the parties to the action. *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006).

i.    **Timeliness of the Motion to Intervene**

KFH had notice of the subpoenas for nearly a month and knew of the subpoenas a week before they were even served on the banks.[3]  After the subpoenas were served on the banks, Counsel for ENEXD worked with counsel for each of the five U.S. banks to determine whether the banks had responsive records, to develop a production schedule, and to prepare a confidentiality agreement.  For weeks, KFH made no effort to intervene, and made no effort to contact counsel for Applicant about the subpoenas.  Instead, it has now come to light that KFH discussed with the banks that KFH would be intervening, apparently in an effort to stop any production from being made to Applicant.  KFH never sought to intervene.[4] Instead, Kuveyt Turk (which is majority owned by KFH) intervened on November 7, a month after its owner KFH received notice of the subpoena.

Kuveyt Turk will not be prejudiced if its motion to intervene is denied because its interest will be protected by the confidentiality agreement that counsel was discussing with the U.S. banks at the time of the Motion.  Moreover, the unusual circumstances of Kuveyt Turk intervening on

---

[3] ENEXD gave notice of the subpoenas to KFH on October 9 and served the subpoenas on October 15.

[4] KFH also did not move to quash the subpoena like it said it would; rather it moved this court to reconsider.  Neither KFH nor Kuveyt Turk would have had any basis to quash a subpoena for documents from Turk Finans Katilim Bankasi, a different, unrelated bank.

KFH's behalf, a month after KFH received notice of the subpoena, militate against a finding of timeliness.  *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001).

ii.     **Kuveyt Turk's Purported Interest in the Outcome of This Action Is Not Impaired by the Disposition of the Action and Is Adequately Protected**

KFH is the real party in interest here and is the majority owner of Kuveyt Turk.  The only self-interest that Kuveyt Turk claims in this action is the protection of confidential financial information.  That interest is adequately protected by the parties to the action and by the banks that received the subpoenas, since at least some of them are in direct communication with KFH. ENEXD was actively working with some of the banks to agree to a protective order or confidentiality agreement that would protect the confidentiality of the documents.  If Kuveyt Turk were seeking to intervene as a third-party bank concerned about confidentiality of client records, that concern would be addressed through a protective order or confidentiality agreement. If Kuveyt Turk were seeking to intervene on its own behalf, it would not have a reason or a basis to challenge parts of the subpoena related to Turk Finans, an unrelated bank.

If Kuveyt Turk were merely concerned about the confidentiality of its financial records, it would not seek discovery related to the identity of the whistleblower who provided the relevant records showing payments from the government of Iran to parties related to KFH.  The identity of the whistleblower is entirely unrelated to Kuveyt Turk's purported interest in this matter, and if granted would endanger the whistleblower.

It appears that KFH is simply seeking to litigate and undermine the underlying merits of ENEXD's claims via Kuveyt Turk.  KFH may have an interest in preventing or curtailing the subpoenas.  If KFH wants to intervene and have its arguments heard, then it should do so as it told the New York banks it would, not use Kuveyt Turk to do so.

4

The confidentiality interests that Kuveyt Turk purports to have are already adequately protected and can be addressed with the Court's model protective order, with slight modifications to address the posture of this case as a Section 1782 application. The Court should not permit Kuveyt Turk to intervene to litigate the UK case on behalf of KFH.

### iii. Pending Cases Against KFH and Kuveyt Turk May Influence Kuveyt Turk's Conduct in this Case

Both KFH and Kuveyt Turk are embroiled in allegations that they have provided financial services to terrorist organizations and sanctioned parties in recent years, including Iran. In one case, it is alleged that KFH and Kuveyt Turk served as a proxy for Iran. *See Levinson v. Kuwait Finance House (Malaysia) Berhad*, 44 F.4th 91, 94 (2d Cir. 2022). KFH and Kuveyt Turk are closely aligned in those cases and are represented by the same set of lawyers. It appears from the dockets that counsel for Kuveyt Turk in this matter currently represents KFH in two of those matters and represents both KFH and Kuveyt Turk simultaneously in one. Exhibit C.[5]

*Frost v. Kuwait Finance House, et al.*, **No. 1:23-cv-09453 (S.D.N.Y. Oct. 27, 2023)**: KFH and Kuveyt Turk are both defendants in a suit concerning hostage-taking of U.S. citizens in Iraq. In 2019, the *Frost* plaintiffs obtained a judgment against Iran for supporting the kidnappings. *Frost v. Islamic Republic of Iran*, 383 F.Supp.3d 33, 37 (D.D.C. 2019). KFH and Kuveyt Turk were subsequently sued in 2023 by the *Frost* plaintiffs under 28 U.S.C. § 1610, a statute related to enforcement of judgments against foreign governments, seemingly to enforce the judgement and obtain Iranian assets that the two banks hold for Iran.[6] KFH and Kuveyt Turk are both represented

---

[5] KFH and Kuveyt Turk were also both represented by the same lawyers, including one of the lawyers that represent Kuveyt Turk in this case, in *St. Francis Assisi v. Kuwait Finance House et al.*, No. 4:16-cv-03240 (N.D. Cal. June 13, 2016).

[6] Much of the case is sealed and the precise allegations against KFH and Kuveyt Turk are unclear.

by the same 20 lawyers in that case, including all the lawyers who represent Kuveyt Turk in this case.

***Levinson et al. v. Citibank N.A.*, No. 1:21-cv-04795 (S.D.N.Y. May 28, 2021):** Family members of an FBI agent who was tortured by Iran obtained a judgment against Iran for $1.5 billion. Plaintiffs sought to enforce the judgment against an account that KFH had at Citibank, claiming that KFH was "an agency or instrumentality" of both Iran and the National Iranian Oil Company. *Levinson*, 44 F.4th at 94. The lawyers who represent Kuveyt Turk in this matter represent KFH in the *Levinson* case.

***Henkin et al. v. Kuveyt Turk Katilim Bankasi A.S.*, No. 1:19-cv-05394 (E.D.N.Y. Sept. 23, 2019)**: Family members of victims allegedly murdered by Hamas sued Kuveyt Turk for providing financial support to Hamas by knowingly maintaining bank accounts for Hamas operatives. That case is currently in discovery, and the plaintiffs have accused Kuveyt Turk of obfuscating regarding its customers and payments, seeking re-reconsiderations of court orders seemingly as a delay tactic, and "resort[ing] to misdirection and *ad hominem* attacks on Plaintiffs' counsel." *See Henkin*, ECF No. 98 at 1.

KFH and Kuveyt Turk are closely aligned in these cases. Moreover, these pending lawsuits against KFH and/or Kuveyt Turk for financing terrorist organizations and sanctioned parties create a risk that Kuveyt Turk seeks to intervene so that it can use this process to unmask whistleblowers in aid of these other cases.

**B.    The Court should not permit Kuveyt Turk to intervene under Rule 24(b)**

Nor should this Court exercise its discretion to allow Kuveyt Turk to intervene so that it can continue to advance the interests of KFH. Kuveyt Turk's intervention will not significantly contribute to the full development of the underlying factual issues, as it claims. Rather, Kuveyt

6

Turk seeks to muddy the waters.  It argues that its knowledge of its financial records allows it to contest the application.  But this application is simply for discovery of financial records to help prove the allegations that will be litigated in the Foreign Proceedings.  Kuveyt Turk's conclusory statements about what that discovery will or will not show does not contribute to the record in any way, and as will be discussed more fully in ENEXD's opposition to Kuveyt Turk's motion for reconsideration, the searches that Kuveyt Turk ran are fundamentally flawed and misleading.

## IV.    CONCLUSION

For the reasons described in this opposition, the Court should deny Kuveyt Turk's application to intervene.  If the Court permits intervention, it should limit Kuveyt Turk's intervention to Kuveyt Turk's purported interest in maintaining the confidentiality of its financial records.  Kuveyt Turk should not be permitted to serve as a proxy for KFH in KFH's attempts to argue the merits of the substantive litigation in the Foreign Proceedings or to unmask the whistleblower.

Date: November 13, 2025

*/s/ Sandeep A. Prasanna*
Sandeep A. Prasanna (No. 5463799)
Kirby D. Behre (*pro hac vice* pending)
Ian A. Herbert (*pro hac vice* pending)
Miller & Chevalier Chartered
900 16th Street, N.W.
Washington, DC 20006
Tel: (202) 626-5856
Email: sprasanna@milchev.com
Email: kbehre@milchev.com
Email: iherbert@milchev.com

*Attorneys for Applicant*

8

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Rule 7.1(c).  Excluding the parts of this motion exempted by the local rule, the motion contains 2,104 words and has been prepared using Microsoft Word in Times New Roman 12-point font.

*/s/ Sandeep A. Prasanna*
Sandeep A. Prasanna (No. 5463799)