# Exhibit A


1251 Avenue of the Americas  
21st Floor  
New York, NY 10020  

Sharon Schneier  
Partner in Charge, New York  
Co-chair, Media Law Practice  
212 603-6448  
sharonschneier@dwt.com  

October 30, 2025

**VIA ELECTRONIC MAIL**

Ian Herbert, Esq.  
Sandeep Prasanna, Esq.  
Miller & Chevalier Chartered  
900 16th Street, NW  
Washington, DC 20006  
iherbert@milchev.com  
sprasanna@milchev.com  

Re:   *In re: Application to Obtain Discovery from Five Banks for Use in International Proceedings Pursuant to 28 U.S.C. § 1782 -- Case No. 25 Misc. 414 (S.D.N.Y.)*

Counsel:

In connection with the above-captioned action, I write on behalf of non-party Citibank, N.A. ("Citi") to provide responses and objections to your subpoena dated October 8, 2025 (the "Subpoena"). I have learned that Kuwait Finance House (and perhaps others) intends to file a motion to quash the Subpoena and/or for a protective order. Under the circumstances Citi will wait for those legal proceedings to be concluded before producing responsive documents, if any. Nonetheless, and given your insistence that Citi advise which documents it will produce before you will consider an extension, and the limited time provided for Citi to consider the Subpoena, we are providing Citi's objections to the Subpoena.

The general objections below apply to the Subpoena as a whole and, specifically, to the Subpoena's requests for documents, definitions, and instructions as set forth in Attachment A, and are hereby incorporated by reference into the specific responses and objections that follow. Any production of documents that may be made in response to the Subpoena will be without prejudice to any objections that Citi may have to the relevance or admissibility of such documents at a hearing or trial in any other action or proceeding, including Applicant Energy Exploration and Development Limited's ("ENEXD") pending or anticipated proceedings (collectively, the "Enforcement Proceedings") to (a) enforce ENEXD's arbitration award against Nordic Energy FZE ("Nordic") or (b) bring claims against alleged Iran's state-owned companies.

### General Objections

1.   Citi objects to the Subpoena to the extent that it imposes obligations or burdens beyond those imposed by applicable law, including, without limitation, those obligations set forth in the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Southern District of New York, the New York Civil Practice Law and Rules ("NY CPLR"), or any other

Page 2

applicable rules or laws. To the extent Citi makes any production, it shall only be regarding accounts, assets, funds, and/or property, to the extent they exist, that are located in the United States and are $50,000 and above, subject to the general and specific objections herein.

2. Citi objects to the Subpoena to the extent that it seeks documents that are not material and necessary to the prosecution of ENEXD's claims against Nordic and thus imposes an unreasonable burden and/or expense on Citi, including by seeking documents that are not relevant to the Enforcement Proceedings and/or not proportional to the needs of the Enforcement Proceedings in light of the limitations imposed by 28 U.S.C. § 1782, Rule 69 of the Federal Rules of Civil Procedure, Section 5223 of the NY CPLR, the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602–1611 ("FSIA"), or any other applicable foreign law.

3. Citi objects to the Subpoena to the extent that it is vague, ambiguous, overbroad, unduly burdensome, and/or fails to identify with reasonable particularity the documents sought. Citi further objects to the Subpoena to the extent that the relevance of the documents it seeks is outweighed by the burden Citi would bear in attempting to collect, review, and produce such documents.

4. Citi objects to the Subpoena to the extent that it seeks the production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity. Any production of documents by Citi in response to the Subpoena is without waiver of any and all such privileges, protections, or immunities. In the event that material subject to the attorney-client privilege, work product protection, or any other privilege or immunity inadvertently is produced, such inadvertent production shall not be deemed to constitute a waiver of such privilege, protection, or immunity.

5. Citi objects to the Subpoena to the extent that it seeks confidential, personal or private, proprietary, or sensitive business information, or documents protected from disclosure by any law, court order, or agreement with respect to confidentiality or non-disclosure. Any responses or production of documents by Citi are conditioned on the execution of a mutually agreeable confidentiality agreement.

6. Citi objects to definitions in Attachment A of the Subpoena, including, without limitation, as detailed below, as they are overbroad, vague, ambiguous, unduly burdensome, or not proportionate to the needs of the case:

    a. Citi objects to the definition of "You" and "Your" to the extent it seeks to include Citi's "employees, agents, representatives, subsidiaries, affiliates, assignees, or other Persons acting or purporting to act on its behalf," none of which are identified. In responding to the Subpoena, Citi interprets "You" and "Your" to only include Citibank, N.A.; and

    b. Citi objects to the definition of "Correspondent Accounts" to the extent it seeks information or documents about accounts "held jointly or severally or as a trustee or fiduciary, as well as custodian, executor or guardian" or accounts held by "any other entity in which Kuveyt Turk Katilim Bankasi or Turkiye Finans Katilim Bankasi may have a financial interest or signatory authority and/or right of withdrawal." In responding to the Subpoena, Citi interprets "Correspondent Accounts" to only include accounts held in the name of Kuveyt Turk Katilim Bankasi ("Kuveyt Turk") or Turkiye Finans Katilim Bankasi ("Turkiye Finans") in the United States.

7. Citi objects to Instruction No. 7 to the extent it purports to require Citi to provide an affidavit or certification that any documents produced by Citi in response to the Subpoena are "business records of a regular[ly] conducted activity."

8. Citi objects to Instruction No. 9 as unduly burdensome because it seeks documents spanning an eight-year period, from December 1, 2017 to the present, which is both overbroad and disproportionate to the needs of the Enforcement Proceedings. In responding to the Subpoena, Citi will search documents dating back to September 1, 2021, the date on which ENEXD obtained its arbitration award against Nordic.

9. Citi objects to Instruction No. 10 as unduly burdensome as it identifies 26 entities or persons, none of whom have any apparent relevance to ENEXD's Enforcement Proceedings against Nordic.

10. Citi objects to the Subpoena to the extent that it purports to require disclosure of information that is protected from disclosure by the FSIA.

11. Citi objects to the Subpoena to the extent it fails to meet the requirements of 28 U.S.C. § 1782, including to the extent (i) the courts or tribunals presiding over the Enforcement Proceedings are not receptive to section 1782 discovery, (ii) ENEXD seeks to use section 1782 discovery to circumvent foreign court proof-gathering restrictions, or (iii) the Subpoena seeks documents that are either (a) not relevant or (b) not narrowly tailored to the needs of the Enforcement Proceedings.

12. Citi objects to the Subpoena to the extent it seeks documents about property, funds, assets, or accounts held outside the United States. Citi further objects as such documents are neither material nor necessary to the prosecution or defense of the Enforcement Proceedings. Citi's responses are limited to accounts, assets, funds, and/or property, to the extent they exist, that are located in the United States.

13. Citi objects to the Subpoena to the extent it seeks to require the production of documents as to which disclosure is restricted by law, including without limitation the confidentiality or data protection laws of any country where Citi maintains offices, or any state or subdivision thereof, that prohibit, restrict, or impose conditions upon the disclosure of bank customer information.

**Specific Responses and Objections**

1. Citi objects to Request Nos. 1(a) through 1(j) on the grounds that it is overbroad and unduly burdensome given the time-consuming and expensive process of searching for, collecting, and reviewing a litany of documents concerning "all Correspondent Accounts" for Kuveyt Turk and Turkiye Finans. Citi further objects to this Request on the grounds that it uses terms that are vague and ambiguous including, but not limited to, "payment messages," "analysis, comments, or notes … [r]egarding the accounts," "account title status change documents," "change of signatory cards," "suspected or confirmed suspicious activity," "assigned risk profile," "customer due diligence," and "review by Your compliance department."

Citi further objects to this Request on the grounds that any responsive documents pertaining to Kuveyt Turk or Turkiye Finans are of no apparent relevance to ENEXD's Enforcement Proceedings against Nordic. Citi further objects to this Request on the grounds that it is

disproportionate to the needs of the Enforcement Proceedings. Citi further objects to the request to the extent it seeks documents, the production of which are barred by applicable law. Citi also objects to this Request on the grounds that the production of Suspicious Activity Reports and transaction monitoring alerts that are requested in Request Nos. 1(f) and (g) are barred from production under the Bank Secrecy Act. Citi further objects to this Request to the extent that it seeks documents not in Citi's possession, custody, or control. Citi further objects to this Request to the extent that it seeks documents that are already in the possession, custody, or control of, or are equally accessible to, individuals or entities other than Citi. Citi further objects to the Request to the extent it seeks documents about accounts, funds, or other assets held outside the United States or relating to funds, accounts, or account holders not within the United States or subject to its laws. Citi also objects to this Request to the extent the documents are protected from disclosure by applicable bank secrecy laws or data privacy laws including, but not limited to, Turkish Banking Law and Turkish Law on the Protection of Personal Data.

2. Citi objects to Request No. 2 on the grounds that it is overbroad and unduly burdensome given the time-consuming and expensive process of searching for "[a]ll communications" between Kuveyt Turk and Citi. Citi further objects to this Request on the grounds that any responsive records pertaining to Kuveyt Turk are of no apparent relevance to ENEXD's Enforcement Proceedings against Nordic. Citi further objects to this Request on the grounds that it is disproportionate to the needs of the Enforcement Proceedings. Citi further objects to this Request to the extent that it seeks documents not in Citi's possession, custody, or control. Citi further objects to this Request to the extent that it seeks documents that are already in the possession, custody, or control of, or are equally accessible to, individuals or entities other than Citi. Citi also objects to this Request to the extent the documents sought are protected from disclosure by applicable bank secrecy laws or data privacy laws including, but not limited to, Turkish Banking Law and Turkish Law on the Protection of Personal Data.

3. Citi objects to Request No. 3 on the grounds that it is overbroad and unduly burdensome given the time-consuming and expensive process of searching for "[a]ll communications" between Turkiye Finans and Citi. Citi further objects to this Request on the grounds that any responsive records pertaining to Turkiye Finans are of no apparent relevance to ENEXD's Enforcement Proceedings against Nordic. Citi further objects to this Request on the grounds that it is disproportionate to the needs of the Enforcement Proceedings. Citi further objects to this Request to the extent that it seeks documents not in Citi's possession, custody, or control. Citi further objects to this Request to the extent that it seeks documents that are already in the possession, custody, or control of, or are equally accessible to, individuals or entities other than Citi. Citi also objects to this Request to the extent the documents sought are protected from disclosure by applicable bank secrecy laws or data privacy laws including, but not limited to, Turkish Banking Law and Turkish Law on the Protection of Personal Data.

Citi reserves the right to supplement, revise, correct, clarify, or otherwise modify its responses and objections to the Subpoena. Citi also reserves the right to assert any other applicable objections to the Subpoena and to object to any other demands relating to the subject matter of the responses herein, including by moving for a protective order. Citi's responses to the Subpoena or production of documents are not intended to constitute a waiver of any rights, objections, or privileges. By responding to the Subpoena, Citi does not concede that the Subpoena seeks

Page 5

documents that is material or necessary in the prosecution or defense of the Enforcement Proceedings.

Please do not hesitate to contact me to discuss the Subpoena.

Very truly yours,

*/s/ Sharon L. Schneier*
Sharon L. Schneier