UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Application to Obtain Discovery from
Five Banks for Use in International
Proceedings Pursuant to 28 U.S.C. § 1782

25-MC-414 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

Before the Court is a motion by intervenor Kuveyt Turk Katilim Bankasi A.S. (Kuveyt Turk) for relief from the Court's prior order authorizing discovery pursuant to 28 U.S.C. § 1782. The Court previously permitted Kuveyt Turk to intervene and file the motion. Dkt. 23. The motion is GRANTED IN PART and DENIED IN PART.

Applicant Energy Exploration and Development Limited (ENEXD) and intervenor Kuveyt Turk first dispute whether Kuveyt Turk may, consistent with Federal Rule of Civil Procedure 60, seek to reopen the Court's order granting ENEXD's application for discovery into Kuveyt Turk's accounts at five U.S. banks. The Court's order granting the petition noted that it was "without prejudice to any objection that any of the [U.S. banks] may raise." Dkt. 10. While the Court did not explicitly provide for the possibility that Kuveyt Turk would seek to object, the Court construes its own order to allow for Kuveyt Turk's objections. The Court therefore need not consider whether Rule 60 permits Kuveyt Turk to reopen the order.

The dispute revolves around an alleged transaction from February 14, 2023, where a U.S. Dollar "correspondent account" that Kuveyt Turk holds at Citibank N.A. was listed as the "debit account" in a $5.7 million transfer. ENEXD claims that the alleged transaction is evidence of Kuveyt Turk assisting in the evasion of U.S. sanctions against Iran. Kuveyt Turk claims that the documentation ENEXD submitted to substantiate the alleged transaction is fraudulent, and that no such transaction ever occurred.

To substantiate the allegation of fraud, Kuveyt Turk cites (1) two declarations from one of its executives, Ozkan Yazici, certifying that he ran searches and found no evidence of a transaction matching the details, Dkts. 18, 34, and (2) past judgments from English courts that it says shows that ENEXD's principals have engaged in fraud in the past. But it appears to have no direct evidence that the documentation in this case was procured by fraud, nor any evidence that the principals in question had anything to do with the procurement of the alleged transaction record. (In fact, a declaration from ENEXD's English counsel states that the records came from a whistleblower, not ENEXD's principals. Dkt. 32.)

Given that Kuveyt Turk has no direct evidence of the record's falsity, and ENEXD's English counsel has declared under penalty of perjury that he spoke with the whistleblower personally and has no reason to question the authenticity of the documents, the Court finds that Kuveyt Turk has failed to meet its burden of showing bad faith. However, the Court agrees that ENEXD has not justified the breadth of its search into Kuveyt Turk's bank records and that to the extent that ENEXD finds evidence of a "broad conspiracy," Dkt. 25 at 22, it may renew its application for broader discovery at a later date.

With respect to its request for reciprocal discovery, Kuveyt Turk has cited no examples where a court has allowed discovery into an applicant under § 1782. To the extent that fraud does exist, it can challenge the use of any evidence it believes to be fraudulent in the relevant proceeding (or file a standalone action for fraud), and to the extent it cites confidentiality concerns, those are better handled in a protective order, which the Court addresses below.

Taken together, Kuveyt Turk's motion is GRANTED IN PART and DENIED IN PART:

1. ENEXD may seek discovery from the five U.S. banks into Kuveyt Turk's accounts solely for transactions occurring no more than one year before or after the alleged February 14, 2023 transaction, and may renew its request for broader discovery upon a showing that the evidence gathered shows a conspiracy or other need for evidence beyond that timeframe.

2. Kuveyt Turk's motion for reciprocal discovery is DENIED.

3. Pending further order of the Court, all evidence gathered shall be considered confidential and limited to ENEXD's and Kuveyt Turk's outside attorneys' eyes only. The parties shall meet and confer to formulate the terms of a formal protective order that will accommodate the use of the information obtained in the designated foreign proceedings. If there are any disputes, they may be brought to the Court.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 16.

SO ORDERED.

Dated: December 9, 2025
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge